IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID FLORENCE,

        Plaintiff,               No. 2:11-cv-3119-GEB-JFM (PC)

    vs.

A.W. NANGALAMA, *et al.*,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed December 23, 2011, plaintiff was directed to submit necessary documents for service on defendants.  Plaintiff has instead filed a first and second amended complaint.  Doc. Nos. 11 and 12.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-

1

1   28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.

3   Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

4   inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

5   639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

6           Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

7   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

9   Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v.

10   Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a

11   complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

12   must contain factual allegations sufficient "to raise a right to relief above the speculative level."

13   Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only

14   '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"

15   Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964,

16   in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this

17   standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,

18   and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416

19   U.S. 232, 236 (1974).

20           Because the second amended complaint ("SAC") supersedes any previously filed

21   complaints, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967),  the court will focus on the SAC

22   filed April 16, 2012 in this screening order.  On review, the undersigned finds that the SAC is

23   colossal pleading at 170 pages and 614 paragraphs consisting of excruciating and oft-times

24   repetitive details.  The court has determined that the SAC does not contain a short and plain

25   statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

26   pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

must allege with at least some degree of particularity overt acts which defendants engaged in that

support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of

Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to

file a third amended complaint.

        In order to assist litigants to understand the Rule 8(a) requirements that averments

"be simple, concise, and direct," Rule 84 of the Federal Rules of Civil Procedure provides

samples in an Appendix of Forms, which are "intended to indicate the simplicity and brevity of

statement which the rules contemplate."  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

An example is Form 9 (Complaint for Negligence):

        1. Allegation of jurisdiction

        2. On June 1, 1936, in a public highway called Boylston Street in Boston,
        Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who
        was then crossing said highway.

        3. As a result plaintiff was thrown down and had his leg broken, and was
        otherwise injured, was prevented from transacting his business, suffered great
        pain of body and mind, and incurred expenses for medical attention and
        hospitalization in the sum of one thousand dollars.

        4. Wherefore plaintiff demands judgment against defendant in the sum of _____
        dollars and costs.

        Id.  "This complaint fully sets forth who is being sued, for what relief, and on
        what theory, with enough detail to guide discovery. It can be read in seconds and
        answered in minutes."  Id. In addition, to satisfy Rule 8, each claim must be stated
        in a separate count.  Bautista v. Los Angeles, 216 F.3d 837, 840-41 (9th Cir.
        2000).

Kennedy v. Andrews, 2005 WL 3358205, *2-3 (D. Ariz. 2005).

        If plaintiff chooses to amend the SAC, plaintiff must demonstrate how the

conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

there is some affirmative link or connection between a defendant's actions and the claimed

1   deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.

2   1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

3   allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of</u>

4   <u>Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

5   　　　　　In addition, plaintiff is informed that the court cannot refer to a prior pleading in

6   order to make plaintiff's third amended complaint complete.  Local Rule 220 requires that an

7   amended complaint be complete in itself without reference to any prior pleading.  This is

8   because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>

9   <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the

10  original pleadings no longer serves any function in the case.  Therefore, in an amended

11  complaint, as in an original complaint, each claim and the involvement of each defendant must

12  be sufficiently alleged.

13  　　　　　In accordance with the above, IT IS HEREBY ORDERED that:

14  　　　　　1.  Plaintiff's SAC is dismissed.

15  　　　　　2.  Within thirty days from the date of this order, plaintiff shall complete the

16  attached Notice of Amendment and submit the following documents to the court:

17  　　　　　　　　　a.  The completed Notice of Amendment; and

18  　　　　　　　　　b.  An original and one copy of the Third Amended Complaint, <u>which</u>

19  　　　　　　　　　<u>shall not exceed forty pages</u>.  This 40-page limitation does not apply to

20  　　　　　　　　　any exhibits attached to the Third Amended Complaint.

21  Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act,

22  the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint

23  must bear the docket number assigned this case and must be labeled "Third Amended

24  /////

25  /////

26  /////

Complaint"; failure to file a third amended complaint in accordance with this order may result in the dismissal of this action.

DATED:  September 4, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;flor3119.14am

5

1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID FLORENCE,

11              Plaintiff,                    No. 2:11-cv-3119-GEB-JFM (PC)

12         vs.

13   A.W. NANGALAMA, *et al.*,

14              Defendants.               <u>NOTICE OF AMENDMENT</u>

15   _____/

16              Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18              _____      Third Amended Complaint

19   DATED:

20

21                                      _____

22                                      Plaintiff

23

24

25

26

6