1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID FLORENCE,                         No.  2:11-cv-3119 GEB KJN P

12                 Plaintiff,

13        v.                                  ORDER

14   A.W. NANGALAMA, et al.,

15                 Defendants.

16

17        On March 25, 2014, the Magistrate Judge issued an order charging defendant C. Bakewell

18   for the costs of service of process.  On August 15, 2014, defendant Bakewell filed a motion for

19   reconsideration of that order.

20        Local Rule 303(b), states "rulings by Magistrate Judges . . . shall be final if no

21   reconsideration thereof is sought from the Court within fourteen days . . . from the date of service

22   of the ruling on the parties."  Id.

23        However, it appears that the March 25, 2014 order was inadvertently not served on

24   defendant Bakewell.  Defendant Bakewell first appeared and answered the third amended

25   complaint on August 6, 2014.  Accordingly, the court finds defendant's motion to be timely filed.

26        "[A] motion for reconsideration should not be granted, absent highly unusual

27   circumstances, unless the district court is presented with newly discovered evidence, committed

28   clear error, or if there is an intervening change in the controlling law."  389 Orange Street

1  Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (no clear error where district court did not

2  redesignate a cross-claim as an affirmative defense because party did not raise the issue until after

3  grant of summary judgment).

4      The Federal Rules of Civil Procedure impose a duty on certain defendants "to avoid

5  unnecessary costs of serving the summons."  Fed. R. Civ. P. 4(d)(2).  That duty is only imposed

6  on a defendant "that receives notice of an action in the manner provided in this paragraph," which

7  is by mailing a notice of the action and a "request that the defendant waive service of a

8  summons."  Id.  If a defendant fails to waive the service of a summons, "the court shall impose

9  the costs subsequently incurred in effecting service on the defendant unless good cause for the

10  failure be shown."  Fed. R. Civ. P. 4(d).

11      Defendant Bakewell avers that she was not personally contacted by the Marshal to request

12  a waiver of service.  (ECF No. 51 at 3.)  Defendant Bakewell declares that she had no knowledge

13  of the instant lawsuit or summons until she was personally served on February 25, 2014.

14  Although the Marshal mailed summons and a request for a waiver of service on November 19,

15  2013, to the California Department of Corrections and Rehabilitation ("CDCR") and California

16  State Prison, Sacramento, defendant Bakewell declares that she resigned from the CDCR in

17  September of 2009, and no one from the CDCR contacted her to advise her of the lawsuit or

18  service.  (ECF No. 51 at 3.)

19      Good cause appearing, defendant Bakewell's motion for reconsideration is granted, and

20  the order directing defendant Bakewell to pay the United States Marshal for the costs incurred in

21  serving process is vacated.

22      Accordingly, IT IS HEREBY ORDERED that:

23      1.  Defendant Bakewell's motion for reconsideration is deemed timely filed;

24      2.  Defendant Bakewell's  motion for reconsideration (ECF No. 51) is granted; and

25      3.  The March 25, 2014 order (ECF No. 42) is vacated.

26  Dated:  January 15, 2015

27

28  flor3119.851

                    KENDALL J. NEWMAN
                    UNITED STATES MAGISTRATE JUDGE

2