UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FLORENCE, | No. 2:11-cv-3119 GEB KJN P |
| Plaintiff, | |
| v. | ORDER |
| A.W. NANGALAMA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Under the mailbox rule,[1] on January 8, 2015, plaintiff filed a motion for extension of time in which to file a motion to compel discovery. On January 22, 2015, the undersigned partially granted plaintiff's request, and directed the parties to address the current status of their agreements concerning discovery. On February 11, 2015, defendants filed their response. On March 9, 2015, pursuant to the mailbox rule, plaintiff filed a second motion for extension of time to obtain discovery. After adding three days for mailing, plaintiff's filing is one day beyond the 21 day response period provided in the court's January 22, 2015 order. However, the court will consider plaintiff's March 9 filing.

////

////

---

[1] "[T[he Houston mailbox rule applies to § 1983 complaints filed by pro se prisoners." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009), citing Houston v. Lack, 487 U.S. 266, 275-76 (1988).

I. <u>Plaintiff's Remaining Claims</u>

Pursuant to prior court orders (ECF Nos. 19, 52), this action proceeds against defendants Nangalama, Bakewell, Sarver, Baider, Lopez, and Colter, on plaintiff's claims that defendants were deliberately indifferent to his serious medical needs, and allegedly retaliated against plaintiff in violation of his First Amendment rights. As previously noted, pursuant to the discovery and scheduling order, the discovery deadline, including the deadline for filing motions to compel discovery responses, was December 29, 2014. (ECF No. 56.) Discovery requests were to be propounded by October 30, 2014, and motions to compel discovery were due no later than December 29, 2014. (<u>Id.</u> at 5) Therefore, plaintiff's first and second requests to continue discovery were untimely filed because they were not filed prior to the discovery deadline. Plaintiff is reminded that he may seek an "Olsen review," which is an administrative process that provides prisoners with access to nonconfidential information in their central files and medical records.

II. <u>Plaintiff's Current Motion</u>

In his recent motion, plaintiff sets forth the history of his discovery efforts and defendants' responses. However, in his conclusion, plaintiff seeks an order allowing plaintiff to propound the following discovery requests:

> One more set of production of documents (25) request to all defendants regarding video footage of the incident on 2/28/11 and other documentation of policies, procedures as medical personnel, correctional staff, falsification of documents, staff/complaints, of retaliation, and deliberate indifference to other inmates medical needs; and
>
> One more set of admissions (25) to all defendants regarding their answers to discovery; or, in the alternative, to appoint counsel.

(ECF No. 72 at 10.)

First, it appears from the third amended complaint that the events of February 28, 2011, pertain to plaintiff's claims concerning his request for treatment for his testicular pain. (ECF No. 17 at 15.) Because plaintiff's allegations pertain to events occurring in the medical unit, it is unclear whether a video of the incident on February 28, 2011 exists. If such video does exist, it is relevant and defendants should provide plaintiff with an opportunity to view such video inasmuch

1  as plaintiff does not have the equipment necessary to view a video in his cell.  Plaintiff's first
2  request is partially granted.
3        Second, as to the remainder of plaintiff's first request seeking policies, procedures, etc.,
4  his request is extremely overbroad.  Plaintiff has failed to demonstrate such requests would
5  adduce evidence pertinent to the First and Eighth Amendment claims remaining herein.  The
6  second part of plaintiff's first request is denied.
7        Third, plaintiff seeks to serve an additional set of requests for admissions.  It appears that
8  plaintiff previously propounded twenty-seven sets of requests for admissions, many of which
9  were propounded after the time constraints set forth in this court's scheduling order.  (ECF No. 72
10 at 4.)  Such volume of requests is excessive and burdensome.  Plaintiff's second request is denied.
11       Fourth, plaintiff's request for appointment of counsel is denied for the reasons set forth in
12 this court's March 13, 2015 order.
13       Fifth, within the text of his motion, plaintiff claims he has not received a response to his
14 request for production of documents propounded to defendants on September 18, 2014, and that
15 he has not received answers to interrogatories propounded to defendants on October 1, 2014, with
16 the exception of answers from defendant Bakewell.  (ECF No. 72 at 8.)  In addition, plaintiff
17 states that he has not received a response to his third request for production of documents.  (Id.)
18 However, in defendants' February 11, 2015 response, defendants claim that they provided
19 responses to plaintiff's several second sets of document requests in February 2015, and that
20 responses to the first set of interrogatories and third set of requests for production of documents
21 would be provided in the next two weeks.
22       Because the parties appear to be at odds as to whether such responses were provided,
23 defendants shall respond to plaintiff's contentions concerning responses to the requests for
24 production of documents and answers to interrogatories.  Plaintiff may file a reply.
25 III.  Pending Motion for Summary Judgment
26       Finally, on March 20, 2015, defendants filed a motion for summary judgment on the
27 merits of plaintiff's remaining claims.  In addition to the discovery already provided by
28 defendants, it appears plaintiff had a number of documents supporting his claims inasmuch as he

appended them to his third amended complaint. (ECF Nos. 17 at 46-100; 17-1 at 1-105; 17-2 at 1-66; 17-3 at 1-40; 17-4 at 1-4; & 17-5 at 1-57.) However, given the remaining discovery dispute, it is unclear whether plaintiff requires additional discovery to oppose defendants' motion. Fed. R. Civ. P. 56(d).

Rule 56(d) provides as follows:

> (d) **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-01 (9th Cir. 2006). Additionally, plaintiff must make some showing of diligence, that he sought the requested information during the discovery period, or that there is good reason he has not been able to obtain the information before now. See Landmark Dev. Corp. v. Chambers Corp., 752 F.2d 369, 372 (9th Cir. 1985 ).

Because it appears that some discovery responses may be outstanding pursuant to an agreement between the parties, plaintiff is granted an opportunity to file a request under Rule 56(d). Plaintiff is cautioned, however, that he must demonstrate his need for specific facts to be obtained in discovery that would preclude summary judgment. Natural Res. Def. Council v. Houston, 146 F.3d 1118, 1133 (9th Cir. 1998). Moreover, plaintiff is not required to file a Rule 56(d) request. If plaintiff chooses not to file a Rule 56(d) request, he must file his opposition to the motion for summary judgment.

////

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 12, 2015 motion (ECF No. 72) is partially granted:

   a. Within fourteen days from the date of this order, defendants shall confirm whether a video of the incident on February 28, 2011 exists, and if such video does exist, what arrangements defendants have made for plaintiff to view the video.

   b. Within fourteen days from the date of this order, defendants shall respond to plaintiff's contentions concerning responses to the requests for production of documents and answers to interrogatories; seven days thereafter, plaintiff may file a reply.

   c. In all other respects, plaintiff's motion (ECF No. 72) is denied.

2. Within twenty-one days from the date of this order, plaintiff may file a Rule 56(d) request. Defendants' response shall be filed seven days thereafter. If plaintiff chooses not to file such a request, he shall file his opposition to defendants' motion for summary judgment within twenty-one days from the date of this order.

Dated: April 16, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/flor3119.eot2

5