1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

DAVID FLORENCE,                                    No.  2:11-cv-3119 GEB KJN P

12

Plaintiff,

13

v.                                                         ORDER

14

A.W. NANGALAMA, et al.,

15

Defendants.

16

17

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42

18

U.S.C. § 1983.  Plaintiff filed a request for extension of time to file his opposition to the pending

19

motion for summary judgment, and a separate motion for additional discovery under Rule 56(d)

20

of the Federal Rules of Civil Procedure.  Defendants did not file a response, but pursuant to prior

21

orders, defendants have addressed plaintiff's various requests concerning belated discovery

22

responses, and argue no further discovery should be permitted.  (ECF No. 68, 80.)

23

As set forth below, plaintiff's motion for additional Rule 56(d) discovery is partially

24

granted, and plaintiff is granted an extension of time in which to oppose the pending motion for

25

summary judgment.

26

I.  Rule 56(d) Motion

27

Discovery closed on December 29, 2014.  By order filed April 16, 2015, plaintiff was

28

advised that to support a Rule 56(d) motion, he must demonstrate his need for specific facts to be

1

1    obtained in discovery that would preclude summary judgment.  (ECF No. 77 at 4.)  Accordingly,

2    the undersigned addresses the specific requests contained in plaintiff's recent motion.

3         First, plaintiff claims that he "never" requested video footage of the incident on February

4    28, 2011.  (ECF No. 81 at 3.)  However, in his motion for enlargement of time, signed March 9,

5    2015, and filed March 12, 2015, plaintiff requested an order allowing him to propound one more

6    request for production of documents "regarding video footage of the incident on 2/28/11. . . ."

7    (ECF No. 72 at 10.)  Defendants have confirmed no video of the February 28, 2011 incident

8    exists.  Thus, plaintiff's request is denied.

9         Second, plaintiff now claims that there are cameras outside of the medical clinic directed

10   at the Facility B-yard pedestrian sallyport gate where plaintiff and defendants Lopez and Colter

11   were standing on March 23, 2011, as well as cameras inside the pedestrian sallyport gate.

12   Plaintiff alleges that video footage from these various cameras would show that defendants left

13   plaintiff outside of the gate on March 23, 2011, and would show that defendant Colter's

14   declaration that he had plaintiff wait at the gate with defendant Lopez because correctional

15   officers were escorting inmates through the sallyport on March 23, 2011, is false.  (ECF No. 81 at

16   3-4.)  Plaintiff claims that he asked prison officials to hold the video footage.  (ECF No. 81 at 4.)

17   It is unclear whether plaintiff previously sought such video through discovery, but based on its

18   relevance to plaintiff's claims, defendants are directed to confirm whether any video footage of

19   the March 23, 2011 incidents exists, and if such video footage does exist, what arrangements

20   defendants have made for plaintiff to view the footage.

21        Third, plaintiff claims that defendants failed to produce the inmate medical movement

22   sheet for March 10, 2010, and February 14, 2011.  (ECF No. 81 at 4.)  Plaintiff claims that

23   defendants referred plaintiff to defendant Baidar's response to the second request for production

24   of documents, but plaintiff alleges the information was not there.  Plaintiff's own efforts to obtain

25   such information have failed, and plaintiff argues this information is important because defendant

26   Baidar declares that there is no record of plaintiff seeing Baidar on February 14, 2011, which

27   would permit Baidar to "escape liability."  (ECF No. 81 at 4.)  Plaintiff does not explain the

28   relevance of the information for March 10, 2010.

2

1    In his third amended complaint, plaintiff alleges that he went to see defendant Baidar on

2  April 14, 2011, because plaintiff did not receive his medication.  Baidar allegedly called the

3  pharmacy and was told they had sent the full amount.  (ECF No. 17 at 34.)  Plaintiff asked Baidar

4  for the name of the pharmacy contact because plaintiff was going to file an appeal.  Plaintiff

5  alleges Baidar became angry and went to Dr. Nangalama and told the doctor to take plaintiff off

6  his pain medications, allegedly in retaliation for plaintiff filing an appeal.  (ECF No. 17 at 34.)

7  There are no allegations against defendant Baidar in connection with a March 10, 2010 date.

8  (ECF No. 17.)  Due to the relevance of this information, defendants are directed to produce the

9  inmate medical movement sheet for February 14, 2011, that would include plaintiff's housing unit

10  for the shift defendant Baidar was working.  Plaintiff's request for production of the movement

11  sheet for March 10, 2010 is denied as unsupported.

12    Fourth, plaintiff claims defendants have not provided him with "numerous appeals," or

13  with plaintiff's "whole medical file."  (ECF No. 81 at 4.)  Plaintiff fails to identify the appeals, or

14  to explain what relevant facts would be obtained from such appeals.  Moreover, plaintiff may

15  personally obtain copies of his own appeals.  Similarly, defendants are not required to provide

16  plaintiff with a copy of his entire medical file.  As plaintiff was previously informed, he may

17  personally review his medical file by following prison procedures.  The undersigned will not

18  order defendants to produce documents that are equally accessible to plaintiff in his prison central

19  or medical files.  See, e.g., Quezada v. Lindsey, 2014 WL 5500800 at *3 (E.D. Cal. Oct. 30,

20  2014) ("Since any ordinances and laws governing health and safety are public documents, which

21  are equally available to Plaintiff, Defendants cannot be compelled to produce them."); Ford v. Wi

22  ldey, 2014 WL 4354600 at * 4 (E.D. Cal. Sept. 2, 2014) ("Defendant indicates that any such

23  documents are located in his central file for which Plaintiff has equal access.  This response

24  complies with Rule 34 of the Federal Rules of Civil Procedure. . . ."); Valenzuela v. Smith, 2006

25  WL 403842 at *2 (E.D. Cal. Feb.16, 2006) (defendants will not be compelled to produce

26  documents that are "equally available to plaintiff in his prison medical file or in the prison law

27  library.").

28  ////

3

Fifth, plaintiff claims that he has sent to defendants' counsel inmate appeals filed by other inmates concerning retaliation and deliberate indifference against defendants Nangalama, Bakewell, Sarver, and Baidar, but alleges that when he asked defendants to produce "these types of appeals," they claim there were none.  (ECF No. 81 at 4.)  Plaintiff again fails to explain the relevance of such appeals or to identify specific facts that such documents might elicit.  Claims alleging retaliation and deliberate indifference require specific culpable mental states pertinent to the filing of plaintiff's own inmate appeals and his personal medical care.  Plaintiff's request is too broad to suggest relevance here.

Sixth, plaintiff states he asked defendants Colter and Lopez for their "post orders as medical escorts."  (ECF No. 81 at 4.)  However, plaintiff fails to identify specific facts that such documents would elicit, and also fails to limit the request by specific date.  Thus, the relevance of such documents is unclear.  No production is ordered.

Finally, plaintiff seeks an order requiring defendants to provide "documents concerning adverse action being taken against them or letter of instructions given to them by their supervisors."  (ECF No. 81 at 5.)  Plaintiff claims that defendants claim that there are none, but objects that they produced no paperwork from their confidential personnel files confirming such response, and contends this information is "critical because it would show the conduct."  (ECF No. 81 at 5.)  Defendants are not required to produce documents that do not exist.

With regard to plaintiff's other general complaints that defendants failed to respond to discovery requests, plaintiff's motion to compel discovery responses was denied as untimely.  (ECF No. 78.)  Thus, no further order concerning discovery responses will issue.

II. Request for Extension

During the pendency of the instant motions, plaintiff filed a 171-page opposition to the motion for summary judgment on May 12, 2015.  (ECF No. 82.)  It is unclear whether, in light of the above order, plaintiff still seeks additional time to file his opposition.  Thus, plaintiff may choose to stand on his previously-filed opposition to the motion, or he may file, within sixty days, a revised and complete opposition that includes all of his arguments and evidence.  If plaintiff chooses to stand on his prior opposition, he shall file a notice confirming such choice.

4

Defendants' reply shall be filed fourteen days after plaintiff files his revised opposition or confirmation he chooses to stand on his May 12, 2015 opposition.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for Rule 56(d) discovery is granted in part, as follows:

a. Within fourteen days from the date of this order, defendants shall confirm whether video footage of the incidents on March 23, 2011 exists, and if such video footage does exist, what arrangements defendants have made for plaintiff to view the footage; and

b. Defendants shall produce to plaintiff, within fourteen days from the date of this order,  the inmate medical movement sheet for February 14, 2011, that would include plaintiff's housing unit for the shift defendant Baidar was working on February 14, 2011.  In all other respects, plaintiff's request for additional Rule 56(d) discovery is denied;

2. Plaintiff's request for extension of time to file an opposition to the motion for summary judgment (ECF No. 79) is granted;

3. Plaintiff's request to stay ruling on defendant's motion for summary judgment (ECF No. 81) is partially granted; and

4. Within sixty days from the date of this order, plaintiff shall file either (a) a revised and complete opposition to the motion for summary judgment, or (b) a notice confirming his choice to stand on his May 12, 2015 opposition.  Fourteen days thereafter, defendants shall file a reply.

Dated:  June 24, 2015

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/flor3119.56d

5