UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FLORENCE, | No. 2:11-cv-3119 GEB KJN P |
| Plaintiff, | |
| v. | ORDER |
| E. COLTER,[1] | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se. In his pretrial statement, plaintiff failed to tailor his responses as required by the resolution of the motion for summary judgment. The sole issue remaining for trial is based on plaintiff's fourteenth claim against defendant Colter (ECF No. 17 at 39), and only involves what took place at the sallyport gate on March 23, 2011. Specifically, the issue is whether defendant Colter retaliated against plaintiff by calling him a "snitch" in front of other inmates, in violation of the First Amendment. (See ECF No. 88 at 40-42.) No other claims are pending. Accordingly, the court requires plaintiff to file a supplemental pretrial statement addressing the issues set forth below, and will set a mandatory settlement conference following receipt of the appended notice.

////

---

[1] By order filed July 6, 2016, summary judgment was granted as to all defendants except E. Colter. (ECF No. 93.)

1

I.  Plaintiff's Pretrial Statement

    A.  Plaintiff's Request for Witnesses

Plaintiff requested the following witnesses:  inmates J. Childs, T-28536, Glynn Ward, P-80171, and Fernando Millsap T-64682.  (ECF No. 102 at 6.)  In addition, plaintiff requested "all of the witnesses attached to plaintiff's motion dated February 18, 2015, requesting a court order to contact all of plaintiff's witnesses."  (ECF No. 106 at 6, citing ECF No. 69.)  Plaintiff also requests the following witnesses:  A. Nangalama, K. Sarver, and R.N. B. Bennette.

First, plaintiff's February 18, 2015 motion was denied without prejudice because it was prematurely-filed.  (ECF No. 70.)  Indeed, the motion sought 13 different witnesses, and was filed before resolution of dispositive motions; thus, only three of the proposed witnesses offer testimony pertinent to the sole remaining claim.  Plaintiff's request to call witnesses based on the previously-denied motion is denied.

Second, plaintiff fails to demonstrate that Dr. Nangalama, Sarver or R.N. Bennette have testimony pertinent to the sole remaining claim.  Plaintiff does not allege that these purported witnesses were present during the March 23, 2011 incident.  In addition, Dr. A. Nangalama and K. Sarver were defendants who have been granted summary judgment.  (ECF No. 93.)

Third, the record reflects that inmates Childs, Ward, and Millsap were eyewitnesses to the events on March 23, 2011.  Plaintiff provided their declarations confirming their proposed testimony:

    J. Childs, T-28536 (ECF No. 69 at 9);

    Glynn Ward, P-80171 (ECF No. 69 at 10); and

    Fernando Millsap, T-64682 (ECF No. 69 at 11).

Plaintiff states that he does not have the current addresses for these witnesses because everyone has relocated.  Moreover, prison regulations forbid inmates from writing one another.

While the court may be able to assist plaintiff in locating these witnesses, the court cannot determine whether these witnesses have agreed to testify on plaintiff's behalf.  Rather, their declarations state that "if called to testify," they would testify as to the events of March 23, 2011.  On August 23, 2016, plaintiff was informed of the procedures for obtaining the attendance of

incarcerated witnesses, and was informed that in any such motion, he must state whether the prospective witness is willing to attend the trial. (ECF No. 98 at 2.) This requirement is because if an inmate is not willing to voluntarily testify, a subpoena must issue, and the court must order the U.S. Marshal to serve the subpoena on the witness. Prisoners who are subpoenaed to testify are not entitled to witness fees. 28 U.S.C. § 1821(f).

Plaintiff must inform the court whether inmates Childs, Ward or Millsap agreed to testify on behalf of plaintiff. Thus, plaintiff is granted leave to supplement his pretrial statement to provide a current list of witnesses to the events of March 23, 2011, and address whether inmates Childs, Ward or Millsap have agreed to testify on plaintiff's behalf.

B. Exhibits

Plaintiff claims he will offer as exhibits "all exhibits attached to his third amended complaint," his opposition to the motion for summary judgment and objections to the findings and recommendations addressing the summary judgment motion, his motion to compel discovery; defendants' declarations; and all inmate appeals plaintiff filed "due to CDCR preventing him from getting copies." (ECF No. 102 at 6.)

Plaintiff's third amended complaint was 374 pages long, 327 of which are exhibits. Most of these exhibits are unrelated to the claim remaining for trial. Plaintiff's motions filed in this action are not appropriate exhibits. Similarly, unrelated inmate appeals are not appropriate exhibits. Rather, plaintiff may only introduce exhibits pertinent to the March 23, 2011 incident. For example, the appeal plaintiff filed regarding the March 23, 2011, would be potentially relevant and could be listed as an exhibit. The motion for summary judgment resolved all other claims in this action and will not be further addressed at trial.

Moreover, plaintiff must list and identify each proposed exhibit individually. For example, plaintiff claims he will offer "defendants' exhibits." (ECF No. 102 at 6.) However, plaintiff does not identify the name of the defendant or the date of the declaration. In addition, as explained above, only declarations bearing information pertinent to the remaining First Amendment claim as to defendant Colter will be admitted.

////

1    Plaintiff is granted leave to file an amended exhibit list in his supplemental pretrial
2 statement.
3    C. Discovery
4    In his pretrial statement, plaintiff requests that discovery be reopened to "force" defendant
5 to respond to plaintiff's requests for admissions or deem them admitted. Plaintiff recounts
6 requests propounded to defendants Dr. Nangalama, Bakewell, Sarver, Baider, Colter, and Lopez
7 in 2014. (ECF No. 102 at 6.) All of these defendants, except defendant Colter, have been granted
8 summary judgment.
9    Moreover, discovery closed on December 29, 2014. On June 24, 2015, plaintiff's Rule
10 56(d) motion was granted in part,[2] but in all other respects his request for additional discovery
11 was denied. (ECF No. 84.) The September 9, 2014 discovery and scheduling order required that
12 all discovery requests, including requests under Rule 36 of the Federal Rules of Civil Procedure,
13 must be served not later than sixty days prior to December 29, 2014. Thus, plaintiff's discovery
14 request propounded to defendant Colter on November 25, 2014, was untimely under the
15 discovery order; any failure to respond to a request for admission served on November 25, 2014,
16 would not be admitted because it was untimely propounded under the court's discovery order. As
17 to the discovery requests dated October 9, 2014, plaintiff's filing is unclear. Plaintiff refers to
18 "Colter sets 1-19 dated October 9, 2014 thru November 25th 2014." (ECF No. 102 at 6-7.) It is
19 unclear which "set," if any, was a request for admissions, and whether such a "set" was served
20 sixty days prior to December 29, 2014. In order to comply with the court's scheduling order, the
21 requests for admissions must have been served on or before October 30, 2014.
22    If plaintiff timely propounded requests for admissions to defendant Colter on or before
23 October 30, 2014, and defendant Colter failed to respond, the requests for admissions potentially
24 may be deemed admitted and plaintiff may list such requests for admissions as discovery
25 documents to be admitted at trial.

---

[2] In pertinent part, defendants were directed to confirm whether video footage of the March 23, 2011 incidents existed and what arrangements were made for plaintiff to view the footage. (ECF No. 84.) Plaintiff was informed that there is no video footage for the March 23, 2011 incident. (ECF No. 85 at 2-3.)

1   Moreover, plaintiff must specifically identify discovery documents he intends to rely on at
2   trial.  For example, he lists "interrogatories from defendant." (ECF No. 102 at 6.)  If plaintiff
3   intends to rely on defendant Colter's responses to plaintiff's interrogatories, plaintiff must
4   identify responses by date.  Plaintiff also listed the court's discovery order.  However, the
5   discovery order is part of the court record, and is not a discovery document pertaining to the
6   merits of plaintiff's remaining claim.

7   For all of these reasons, plaintiff's request to reopen discovery is denied.  Plaintiff is
8   granted leave to amend the list of discovery documents he will introduce at trial.

        D.  Settlement Conference

10  In his pretrial statement, defendant states there have been no settlement conferences or
11  "meaningful discussions," and is unaware of any recent settlement demand by plaintiff.  Plaintiff
12  did not address settlement in his pretrial statement.

13  This case shall be set for settlement conference.  Within twenty-one days from the date of
14  this order, the parties shall complete, serve, and file the appended notice regarding judge election
15  for settlement conference.  Once the notices are filed, counsel for defendant shall contact Matt
16  Caspar, Courtroom Deputy, (916) 930-4187, to provide dates.

17  II. Conclusion

18  Therefore, plaintiff is granted leave to file a supplemental pretrial statement that provides
19  the information set forth above.

20  Accordingly, IT IS HEREBY ORDERED that:

21  1. Within thirty days from the date of this order, plaintiff shall file a supplemental pretrial
22  statement addressing the issues set forth above; and

23  2. Within twenty-one days from the date of this order, the parties shall complete, serve,
24  and file the appended notice regarding judge election for settlement conference.  Failure to timely
25  ////
26  ////
27  ////
28  ////

5

1  file the attached notice will result in the settlement conference being set before a different
2  magistrate judge.
3  Dated: March 16, 2017

   /flor3119.fb

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FLORENCE,<br><br>        Plaintiff,<br><br>   v.<br><br>E. COLTER,<br><br>        Defendant. | No.  2:11-cv-3119 GEB KJN P<br><br>NOTICE RE:  JUDGE ELECTION FOR SETTLEMENT CONFERENCE |

As required by court order, the parties notify the court of the following election:

\_\_\_\_ Pursuant to Local Rule 270(b) of the Eastern District of California, the party signing below affirmatively requests that the assigned Magistrate Judge participate in the settlement conference and, further, waives any claim of disqualification of the assigned Magistrate Judge on that basis thereafter.  This waiver is not to be construed as consent to the Magistrate Judge's jurisdiction under 28 U.S.C. § 636(c)(1).

        **OR**

\_\_\_\_ The party signing below requests that a different judge hold the settlement conference.

**AND**

Plaintiff shall indicate his preference by checking one:

\_\_\_\_\_ Plaintiff would like to participate in the settlement conference in person.

**OR**

\_\_\_\_\_ Plaintiff would like to participate in the settlement conference by video conference.

DATED:

                                              _____
                                              Plaintiff or Counsel for Defendants