1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      DAVID FLORENCE,                              No.  2:11-cv-3119 GEB KJN P

12                          Plaintiff,

13              v.                                   <u>ORDER</u>

14      COLTER,                                      PTC:  3/2/2018 1:30 p.m. GEB

15                          Defendant.               JT:    5/15/2018 10:00 a.m. GEB

16

17              Plaintiff is a state prisoner, proceeding without counsel.  On July 28, 2017, the

18      undersigned issued a pretrial order, requiring the parties to file objections within fourteen days.

19      Following two extensions of time to file objections, plaintiff filed a document styled, "Motion

20      and Motion to Amend Plaintiff's Pretrial Statement[] . . . ."  (ECF No. 124.)  However, the

21      subtitle of the document reads "Plaintiff's pretrial statement order."  (ECF No. 124 at 1.)

22      Plaintiff's motion is virtually identical[1] to the document filed on October 18, 2017,[2] which the

23      _____

24      [1]  The actual motion is 6 pages, whereas the earlier filing (ECF No. 122 at 1-5) is only five pages.
        But the text differences are due to apparent mistakes in typing; text at the end of page 4 does not

25      align with the beginning of page 5, missing lines from ECF No. 122 at 5:2.5-6.5, but then an
        entire portion is repeated (ECF No. 124 at 4:1-27) such that the entire "motion" is essentially

26      identical to the prior filing.

27      [2]  Plaintiff's current filing is 30 pages long, whereas the prior filing was 37 pages long (ECF No.
        122).  However, the page difference is solely in the number of exhibits.  Plaintiff provides no

28      explanation of what additional exhibits, if any, he seeks to admit at trial.  Moreover, as plaintiff

court disregarded because it was a proposed amended pretrial statement, and the court already issued its pretrial order.

In preparing the pretrial order, the undersigned considered plaintiff's pretrial statement as well as his supplemental pretrial statement (ECF Nos. 102 & 107). (ECF No. 116 at 1.) After receiving an extension of time to file objections to the pretrial order, plaintiff was granted leave to file specific objections to the pretrial order, but again failed to do so, choosing again to resubmit his prior proposed amended pretrial statement. Plaintiff provides no facts or argument explaining why the court should vacate the prior pretrial order and consider plaintiff's amended pretrial statement, or why the court should reconsider a document previously reviewed and disregarded. For all of these reasons, plaintiff's motion to amend the pretrial statement is denied.

To the extent plaintiff seeks to name rebuttal witnesses discovered after the pretrial order issued, plaintiff is entitled to call rebuttal witnesses, but because such witnesses are incarcerated, plaintiff must file a motion requesting their appearance at trial. (See ECF No. 98 at 2-3.) Because plaintiff has provided their affidavits with his motion, the undersigned directs that the affidavits be removed and separately docketed so that any party may refer to them.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend his pretrial statement (ECF No. 124) is denied.

2. The Clerk of the Court is directed to remove the affidavits of plaintiff's rebuttal witnesses (Deshawn Jones, AU7511; Michael Harris, AM7202; and Otis T. Baker, AX5463) from plaintiff's motion (ECF No. 124 at 7-12), and docket them as a separate docket entry denoted as "Plaintiff's proposed rebuttal witnesses' affidavits."

3. Within thirty days, plaintiff must file a motion to produce such rebuttal witnesses at trial, but is not required to re-file the previously-provided affidavits.

Dated: December 15, 2017

/flor3119.den2

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

was previously reminded, he is required to explain why he belatedly seeks to admit any exhibit not previously identified. Plaintiff again fails to do so.

2