UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FLORENCE,<br><br>    Plaintiff,<br><br>    v.<br><br>E. COLTER,<br><br>    Defendant. | No. 2:11-cv-03119-TLN-KJN<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL, MOTION FOR COPY OF TRANSCRIPTS, AND MOTION TO APPOINT COUNSEL** |

    This matter is before the Court pursuant to Plaintiff David Florence's ("Plaintiff") Motion to Appoint Counsel, Motion for a New Trial, and Motion for Copy of Transcripts. (ECF No. 163; ECF No. 164; ECF No. 166.) Defendant E. Colter ("Defendant") opposes Plaintiff's Motion for a New Trial. (ECF No. 167.) Having carefully considered the briefings filed by both parties, the Court hereby DENIES Plaintiff's Motion to Appoint Counsel, Motion for a New Trial, and Motion for Copy of Transcripts.

///
///
///
///
///
///

1

## I. Motion for a New Trial

Plaintiff is a state prisoner proceeding pro se. (ECF 163 at 2.) In his pretrial statement, Plaintiff alleged Defendant violated Plaintiff's First Amendment rights by placing Plaintiff's life in danger by "calling him a snitch" in front of other inmates in response to Plaintiff filing appeals against prison staff. (ECF No. 102 at 3.) At trial, the jury found that Defendant did not violate Plaintiff's First Amendment right to be free from retaliation. (ECF No. 155 at 1.) The Court entered the jury's verdict on January 23, 2019. (ECF No. 157 at 1.) The case was accordingly closed.

On February 25, 2019, Plaintiff filed a document titled "Plaintiff Notice of Motion and Motion For a New Trial under FRCP Rule 59." (ECF No. 164 at 1.) The Court construes this as a motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a). Fed. R. Civ. P. 59(a). In Plaintiff's motion, he argues that: (1) the Court abused its discretion by denying Plaintiff's motion for appointment of counsel; (2) the Court abused its discretion by allowing the jury to see Plaintiff in leg-irons and handcuffs; (3) the Court abused its discretion when it failed to instruct the jury about allegedly missing evidence; (4) the Court abused its discretion when it refused to allow Plaintiff to question Defendant about the contents of certain documents; (5) the Court abused its discretion by allowing Defendant to produce new evidence not listed on the February 2018 exhibit list; and (6) the Court abused its discretion by refusing to allow Plaintiff an extension for discovery. (ECF No. 164 at 2–4.)

Rule 59(a)(1) states, "the court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows: after a jury trial for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). The Court entered the jury verdict on January 23, 2019. (ECF No. 157 at 1.) Plaintiff filed the motion for a new trial on February 25, 2019. (ECF No. 164 at 1.) Rule 59(b) states, "a motion for a new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). Plaintiff's motion was filed 33 days after the entry of judgment. (*See* ECF 164 at 1.) Therefore, Plaintiff's motion for a new trial is untimely. This alone is a basis for denying Plaintiff's motion. However, Plaintiff's motion also fails on substantive grounds.

     *i.       Whether the Court abused its discretion by denying Plaintiff's motion for new counsel*

Plaintiff argues the Court abused its discretion by denying his motion for appointment of counsel. (ECF No. 164 at 2.) A motion for appointment of counsel is left to the discretion of the trial court and is granted only in exceptional circumstances. *See Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Kilgore v. Virga*, 11-cv-1822 KJN P, 2012 WL 651760, at *1 (E.D. Cal. Feb. 28, 2012). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Plaintiff failed to demonstrate exceptional circumstances in his pleadings which required the appointment of counsel. Plaintiff is not entitled to a new trial on this issue.

     *ii.      Whether the Court abused its discretion by allowing Plaintiff to be shackled*

Plaintiff argues the Court abused its discretion by allowing the jury to see him in leg-irons and handcuffs. (ECF No. 164 at 2–4.) Defendant argues that the jury pool briefly had the opportunity to see Plaintiff shackled prior to the beginning of the trial, but those restraints were quickly removed. (ECF No. 167 at 2.) Defendant further argues that after that point, Plaintiff's restraints were hidden from the jury's view and only lower body restraints, not visible to the jury, were used. (ECF No. 167 at 2.) Plaintiff in his reply to Defendant's opposition argues that the jury could see the leg shackles because Plaintiff was sitting in the witness box directly in front of the jurors. (ECF 168 at 3.) Plaintiff also argues that he could not get up to show his exhibits because he was in leg shackles. (ECF 168 at 4.) As a result, defense counsel had to take his exhibits up to the screen, and "defense counsel was not trying to show the exhibits in Plaintiff's favor." (ECF 168 at 4.)

It is clear that visible shackling during a criminal defendant's trial is forbidden as prejudicial. *Deck v. Missouri*, 544 U.S. 622, 626 (2005). This, however, is a civil case. While the Ninth Circuit "has recognized the inherent prejudice associated with unjustified shackling in

civil proceedings," *Claiborne v. Blauser*, No. 16-16077, 2019 WL 2676900, at *6 (9th Cir. June 28, 2019), a number of the concerns that are present in a criminal case are absent, *Clem v. Lomeli*, No. 2:05-CV-02129-JKS, 2007 WL 2688842, at *4 (E.D. Cal. Sept. 13, 2007). Here, there is no presumption of innocence. *Id.* Moreover, the jury knows that in a prisoner civil rights case such as this, the plaintiff is an inmate and sees that his witnesses are also inmates. *Id.* However, in civil as in criminal cases, the right to a fair trial is fundamental. *Id.* As such, "[t]he plaintiff and his witnesses should not be presented to the jury in a worse light than the circumstances require." *Id.* In *Claibrone v. Blauser*, the Ninth Circuit reversed and remanded a district court's denial of a new trial where an inmate Plaintiff was shackled during a three-day trial on Eighth Amendment excessive force and deliberate indifference claims. *Claiborne v. Blauser*, No. 16-16077, 2019 WL 2676900 (9th Cir. June 28, 2019). In that case, the Plaintiff was visibly shackled without any showing of sufficient need for restraints. *Id.*

Here, different than in *Claiborne*, and despite Plaintiff's contention to the contrary, Plaintiff was never visibly shackled in the presence of the sworn jury or even a sworn prospective jury.[1] (*See* ECF No. 148.) Plaintiff was momentarily handcuffed prior to the prospective jurors being sworn in, (ECF No. 148), and the Court immediately held a shackling hearing outside of the presence of prospective jurors. (ECF No. 148.) Plaintiff has not shown how these events created any unfair prejudice warranting a new trial. Moreover, the Ninth Circuit has clearly articulated that a "defendant could ask for a voir dire of the jury if a juror saw the defendant in handcuffs" prior to the start of trial. *Castillo v. Stainer*, 983 F.2d 145, 148 (9th Cir. 1992), *opinion amended on denial of reh'g*, 997 F.2d 669 (9th Cir. 1993). Here, though highly unlikely, if a potential juror *did* in fact see Plaintiff in handcuffs, Plaintiff had the opportunity to ask the jury pool questions. (*See* ECF No. 148.)

Because Plaintiff only had lower body restraints and these restraints were not clearly visible to the jury, the degree of prejudice is small. *See Castillo*, 983 F.2d at 149 (finding that

---

[1] Any argument that the jurors saw Plaintiff shackled while Plaintiff was testifying on the witness stand is unpersuasive. This Court's typical procedure for allowing a witness wearing leg restraints to testify includes first moving the witness to the witness stand outside the presence of the jury, and next having the courtroom deputy close the side door to the witness stand effectively blocking the witness's body from view of the jurors.

4

criminal defendant wearing a waist chain under his shirt did not prejudice the jury's verdict because the chain was not clearly visible to the jury); *see also Williams v. Woodford*, 384 F.3d 567, 592–23 (9th Cir. 2004) (finding that criminal defendant's leg chain that could not be seen by the jury was harmless error). Plaintiff fails to make an affirmative showing that actual prejudice resulted from the unlikely possibility of the prospective jury's brief and inadvertent observation of him in restraints. Accordingly, Plaintiff's motion for a new trial on this basis fails.

   *iii.* *Whether the Court abused its discretion by using allegedly faulty jury instructions*

Plaintiff also argues that the Court abused its discretion by failing to instruct the jury about allegedly missing evidence. (ECF No. 164 at 2–3.) Plaintiff alleges that the missing evidence includes: (1) prison surveillance video from the sallyport gate; (2) inmate movement sheets; and (3) a prison policy which prohibits correctional officers from leaving inmates by themselves. (ECF No. 164 at 2.) Defendant asserts there is no missing evidence; rather, Defendant argues Plaintiff only alleges a factual dispute and not an issue of missing evidence. (ECF No. 167 at 3.)

The district court's formulation of the jury instructions is within the discretion of the Court. *Masson v. New Yorker Magazine, Inc.*, 85 F.3d 1394, 1397 (9th Cir. 1996); *Chacoan v. Rohrer*, 05-cv-02276-MCE-KJN, 2012 WL 1021067, at *3 (E.D. Cal. March 27, 2012). However, "jury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading." *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005). Here, no clear error was committed with the jury instructions warranting a new trial as discussed in Rule 59(a). The evidence in this case clearly establishes that the allegedly missing evidence does not, in fact, exist. (*See* ECF No. 165 at 9–10.) Accordingly, Plaintiff is not entitled to a new trial on this issue.

   *iv.* *Whether the Court abused its discretion by preventing Plaintiff from questioning Defendant about the contents of certain documents*

Plaintiff asserts the Court abused its discretion by refusing to allow Plaintiff to question Defendant about the "contents of [Defendant's] second set of production of documents." (ECF No. 164 at 3.) Plaintiff also alleges the Court erred by refusing to admit those same documents.

(ECF No. 164 at 2–4.)  However, Plaintiff directly examined Defendant during the trial.  (ECF No. 150 at 1.)  Additionally, Defendant, in his opposition, clearly states that Plaintiff specifically questioned Defendant about that particular set of documents.  (ECF No. 167 at 4.)  Furthermore, the Court excluded the "second set" of documents because they contained references to dismissed claims and dismissed parties.  As a result, Plaintiff is not entitled to a new trial on this issue.

    *v.* *Whether the Court abused its discretion by allowing new evidence to be produced*

Plaintiff maintains the Court abused its discretion by allowing Defendant to produce new evidence not on the exhibit list.  (ECF No. 164 at 3.)  Plaintiff asserts the Court should have precluded evidence of prior claims made by Plaintiff which were unrelated to the present cause of action.  (ECF No. 164 at 3.)  The Court sustained Plaintiff's objection to the introduction of this evidence which prevented its admission.  (ECF No. 167 at 4.)  Furthermore, the Court did not permit Defendant to admit evidence of prior claims made by Plaintiff; the Court admitted, on Defendant's request, evidence of claims Plaintiff made after Defendant allegedly retaliated against Plaintiff.  (ECF No. 167 at 5.)  The evidence of those claims was relevant to the present cause of action before the Court.  Given these facts, Plaintiff is not entitled to a new trial on this issue.

    *vi.* *Whether the Court abused its discretion by refusing an extension for discovery*

Finally, Plaintiff argues that the Court abused its discretion by refusing to allow Plaintiff an extension for discovery.  (ECF No. 164 at 3.)  Defendant does not address this claim.  (*See* ECF 167.)  Deadlines established by pretrial scheduling orders can only be modified upon a showing of good cause.  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).  The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension.  *See id.*  "If the party seeking the extension was not diligent, the motion to modify should not be granted."  *See id.*  To demonstrate the necessary diligence, the party requesting an extension must show that noncompliance with the deadline occurred, despite their best efforts, due to unforeseen developments.  *Jackson v. Laureate, Inc.*, 186 F.R.D 605, 608 (E.D. Cal. 1999).

Plaintiff sought an extension for discovery on March 12, 2015, to seek discovery relating

to video footage and a prison policy. (ECF No. 77 at 2–3.) The Court partially granted this motion and also found that several of the discovery requests were overly broad or were untimely given a deadline had passed. (ECF No. 77 at 2–3.)

The Court's partial grant of a discovery extension was not an abuse of the Court's discretion; rather, it is commensurate with the Court's ability to exercise discretion regarding discovery deadlines. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (noting the trial court's broad discretion in discovery matters). Furthermore, prior to the close of discovery, Plaintiff filed no other motions for an extension of discovery. Therefore, Plaintiff is not entitled to a new trial based on the partially denied discovery extension.

For the foregoing reasons, Plaintiff's motion for a new trial (ECF No. 164) is hereby DENIED.

**II.     Motion for Copy of Transcripts**

Due to his pending appeal, Plaintiff requests copies of "trial transcripts" dated January 14–16, 2019, at government expense given Plaintiff's status as a prisoner. (ECF No. 166 at 2.)

A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. *See* 28 U.S.C. § 753(f). Furnishing transcripts at public expense is governed by two separate statutes: 28 U.S.C. § 753(f) and 28 U.S.C. § 1915(c). 28 U.S.C. § 1915(c) defines the limited circumstances under which the court can direct the government's payment of transcripts for a litigant proceeding in forma pauperis. 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts if (1) the trial judge or a circuit judge certifies that the suit or appeal is not frivolous, (2) the transcript is needed to decide the issue presented by the suit or appeal, and (3) the claim is substantial. *See U.S. v. MacCollom*, 426 U.S. 317, 325 (1976) ("The district court has the power to order a free transcript furnished if it finds that the 'suit . . . is not frivolous and that the transcript is needed to decide the issue presented . . . .'"); *Henderson v. U.S.*, 734 F.2d 483, 484 (9th Cir. 1984) (determining that a request for a transcript at government expense should not be granted unless the appeal presents a "substantial issue"). A claim is frivolous if the plaintiff can make no rational argument in law or

facts to support his claim for relief. *See Pembrook v. Wilson*, 370 F.2d 37, 39 (9th Cir. 1966). A substantial question is defined as "reasonably debatable." *See Randle v. Franklin*, CV-08-00845-JAT, 2012 WL 201757, at *2 (E.D. Cal. January 23, 2012).

In his motion, Plaintiff states that his request for transcripts is based on his "IFP status" and his appeal with the Ninth Circuit Court of Appeals. (ECF No. 166 at 2.) However, Plaintiff does not provide specific information about why he requires the transcripts. (*See* ECF No. 166.) Although Plaintiff states he requires the transcripts for his appeal, Plaintiff fails to explain the basis for his appeal and how the transcripts will assist him on the specific claims to be raised in the appeal. (*See* ECF No. 166.) Plaintiff's request does not fall under any of the three circumstances enumerated in 28 U.S.C. § 753(f) which would allow for the court to order the government to pay for transcripts. Furthermore, Plaintiff also fails to meet the criteria for free transcripts established in 28 U.S.C. § 1915(c). Accordingly, Plaintiff's motion for a copy of transcripts must be DENIED.

**III.     Motion to Appoint Counsel**

Plaintiff requests that the Court appoint counsel. (ECF No. 163.) District courts lack authority to *require* counsel to represent indigent prisoners under 42 U.S.C. § 1983. *Mallard v. United States Dist. Court*, 49 U.S. 296, 310 (1989). In exceptional circumstances, the Court may request an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). When determining whether "exceptional circumstances" exist, a court must consider a plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel where plaintiff was well-organized, made clear points, and presented the evidence effectively); *see also Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff argues that counsel is necessary because he is at a disadvantage relative to Defendant's "more skilled defense attorney." (ECF No. 163 at 3.) Specifically, Plaintiff argues that he is impaired by his physical injuries and limited access to the prison law library. (ECF No.

163 at 3.) Plaintiff's physical injuries do not satisfy the "exceptional circumstances" prong as discussed in *Terrell*, 935 F.2d at 1017. The Court finds that Plaintiff's physical injuries have not prevented Plaintiff from a consistent ability to articulate his claims. Throughout these proceedings, Plaintiff's filings have remained coherent and demonstrated an active understanding of the issues presented. Plaintiff's ability to gather evidence and present the merits of his claim without the assistance of counsel demonstrate that he does not meet the "exceptional circumstances" threshold. *See Palmer*, 560 F.3d at 970 (finding that district court did not abuse its discretion by declining to appoint counsel for state prison inmate who complained of both pain from recent surgery that made trial preparation difficult as well as prison officials' denial of access to his legal documents because exceptional circumstances were not shown); *Wells v. Cagle*, 11-cv-1550-LJO-BAM, 2016 WL 1260834, at *5 (E.D. Cal. March 31, 2016) (finding no exceptional circumstances despite plaintiff's mental disability). Furthermore, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. *See Rodriguez v. Beard*, 14-CV-1049 KJN P, 2014 WL 2612200, at *7 (E.D. Cal. June 11, 2014). Accordingly, Plaintiff's motion for the appointment of counsel is DENIED.

**IV. Conclusion**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Plaintiff's Motion for a New Trial (ECF No. 164) is DENIED;
2. Plaintiff's Request for Trial Transcripts (ECF No. 166) is DENIED; and
3. Plaintiff's Motion to Appoint Counsel (ECF No. 163) is DENIED.

Dated: July 11, 2019

Troy L. Nunley
United States District Judge