UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FLORENCE, | No. 2:11-cv-3119 TLN KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| A.W. NANGALAMA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. On August 21, 2020, the Court of Appeals for the Ninth Circuit remanded this action for further proceedings on the claims dismissed by the assigned magistrate judge in the April 3, 2013 screening order in light of Williams v. King, 875 F.3d 500, 502-03 (9th Cir. 2017). (ECF No. 174.) The mandate issued on September 14, 2020.

As discussed in the April 3, 2013 screening order, plaintiff raised 14 claims in his third amended complaint. (ECF No. 19.) Claims two, three, four, five, seven, eight, nine, ten, eleven, thirteen, and fourteen were found cognizable and service of process was ordered.[1] Claims one, six and twelve were screened out, and as discussed below, should be dismissed without leave to further amend.

---

[1] Following resolution of dispositive motions (ECF Nos. 88, 93), plaintiff's remaining claim against defendant Colter went to jury trial where a defense verdict was rendered (ECF Nos. 155, 157).

1

I. <u>Screened-Out Claims</u>

    A. <u>First Claim - J. Bal - Deliberate Indifference</u>

Plaintiff's first claim in his third amended complaint is against J. Bal, Chief Medical Officer at California State Prison at Sacramento ("CSP-SAC"). The third amended complaint asserts that plaintiff's Eighth Amendment rights were violated due to Bal's deliberate indifference to his serious medical needs. Plaintiff states that Bal gave A. Nangalama a direct order to give plaintiff liquid Methadone instead of the pill form of Methadone. Plaintiff subsequently became sick purportedly from the liquid Methadone. (ECF No. 17 at 17.)

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976); <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006). "In the Ninth Circuit, the test for deliberate indifference consists of two parts." <u>Jett</u>, 439 F.3d at 1096. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. <u>Jett</u>, 439 F.3d at 1096; <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled in part on other grounds by</u>, <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096. A prison official is "deliberately indifferent" if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). In other words, the second prong is satisfied by the plaintiff showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." <u>Jett</u>, 439 F.3d at 1096.

Prison officials demonstrate "deliberate indifference" when they are aware of the patient's condition but "deny, delay or intentionally interfere with medical treatment." <u>Jett</u>, 439 F.3d at 1096. "Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004). Under this standard, the prison official must not only "be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person 'must also draw the inference.'" <u>Farmer</u>, 511 U.S. at 837; <u>Toguchi</u>, 391 F.3d at

1057. "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Toguchi, 391 F.3d at 1057 (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer, 511 U.S. at 842.

In applying the deliberate indifference standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff's allegations against J. Bal in the first claim do not state a claim of deliberate indifference. The allegations assert that Bal ordered Dr. Nangalama to prescribe plaintiff liquid as opposed to pill form of Methadone. The alleged order from Bal to change plaintiff's medication from pill to liquid form does not constitute deliberate indifference. While the complaint asserts that the change affected plaintiff's health, at the time Bal purportedly gave the order, plaintiff did not have a serious medical need. Instead, the purported serious medical need (plaintiff's alleged sickness) arose after the order was given as it related to the effects the liquid as opposed to pill Methadone had on plaintiff. Accordingly, claim one does not state a claim of deliberate indifference against Bal.

    B. <u>Sixth Claim - C. Bakewell - Racial Discrimination</u>

    Defendant Bakewell was employed as a Chronic Care Program Nurse Practitioner at CSP-SAC.  Plaintiff asserts that following his interview with Dr. Nangalama in connection with Appeal No. SAC-10-09-11875, plaintiff was walking through Bakewell's office and heard a male nurse tell Bakewell that Dr. Nangalama had granted plaintiff's appeal to give plaintiff Methadone in pill form.  (ECF No. 17 at 27.)  Plaintiff alleges that Bakewell stated "fuck them they are both some monkey ass niggers."  (ECF No. 17 at 28.)  Plaintiff states that he is African American, a suspect class, and defendant Bakewell racially discriminated against plaintiff by calling him a "monkey ass nigger," in violation of the Equal Protection Clause of the Fourteenth Amendment, and the Eighth Amendment.  (ECF 17 at 28.)

    Taking plaintiff's allegations as true, such abrasive and abusive language, while offensive, does not give rise to a § 1983 claim.  See <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987) ("verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.").  Moreover, plaintiff's allegations are insufficient to show that Bakewell treated plaintiff in a manner inconsistent with other similarly situated inmates and that Bakewell "acted with an intent or purpose to discriminate against" plaintiff based upon his race or any other grounds.  <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).  Indeed, plaintiff states he was passing through the office and heard the nurse tell Bakewell the results of the appeal interview, and suggests plaintiff then heard Bakewell's response to the nurse, which is further supported by the plural response uttered by Bakewell.  Plaintiff does not allege that Bakewell directed her response to plaintiff, and there is no allegation that Bakewell took any racially discriminatory action against plaintiff thereafter.  But in any event, even if Bakewell's statement in reference to plaintiff's race is construed as verbal racial harassment, such verbal statement is not sufficient to state a claim under the Equal Protection Clause.  See <u>Freeman v. Arpaio</u>, 125 F.3d 732, 738 (9th Cir. 1997) (quoting <u>Oltarewski v. Ruggiero</u>, 830 F.2d at 139)).  Further, plaintiff fails to allege with particularity in what ways he was treated in a racially discriminatory

////

////

manner by Bakewell.² Thus, plaintiff also fails to state a cognizable claim under the Equal Protection Clause.

Accordingly, the sixth claim does not state a claim of racial discrimination against defendant Bakewell.

### C. Twelfth Claim - S. Hermann - Deliberate Indifference

Defendant Hermann was a Correctional Officer at CSP-SAC. In his twelfth claim, plaintiff asserts:

> [O]n July 10, 2009 Plaintiff was called to B-Clinic to see the R.N. about the adverse effect of the Liquid Methadone and seen defendant A. Nangalama and stated to him that the liquid Methadone was causing him to throw up blood at times and he stated to Plaintiff to have a seat on the bench and he would see Plaintiff when Plaintiff seen defendant K. Sarver he repeated what defendant A. Nangalama stated to Plaintiff. Defendant K. Sarver stated defendant A. Nangalama was not seeing him and he went to get defendant S. Hermann and went into her office with him when Plaintiff went to defendant K. Sarver office door and asked defendant C. Bakewell was he going to be able to see defendant A. Nangalama defendant S. Hermann stated we just asked the doctor did he want to see you and he stated no in violation of his Eighth

---

² Plaintiff incorporates by reference paragraphs 1-104 of his pleading in his Sixth Claim, but other than her verbal statement on September 18, 2009, plaintiff attributes no specific action taken by Bakewell against plaintiff purportedly as racial discrimination. (ECF No. 17 at 27.) The record reflects that Bakewell interacted with plaintiff only on two occasions: July 10, 2009 and August 12, 2009. But defendant Bakewell was subsequently granted summary judgment on plaintiff's claims as to Bakewell's actions or omissions on such dates. The March 19, 2016 findings and recommendations support this court's finding that granting plaintiff leave to amend as to his racial discrimination claim as to Bakewell would be futile. For example, defendant Bakewell was not responsible for examining and did not examine plaintiff on July 10, 2009, and therefore was not deliberately indifferent to plaintiff's serious medical needs on July 10, 2009. (ECF No. 88 at 19.) Similarly, plaintiff provided no evidence to support his claim that Bakewell was deliberately indifferent to his serious medical needs during the August 12, 2009 appeals meeting (ECF No. 88 at 21, citing ECF No. 82 at 55-56.) The court found that defendant Bakewell did not prescribe the Methadone for plaintiff, and did not change the form of the Methadone prescription provided. (ECF No. 88 at 34, citing ECF No. 73-8 at 3.) Plaintiff's retaliation claims against Dr. Nangalama and Bakewell failed because there was no evidence of an adverse action: it was undisputed that plaintiff was not in the meeting to obtain medical treatment; none of plaintiff's medications were discontinued during the meeting, or as a result of the meeting. (ECF No. 88 at 34.) Rather, it was a meeting to attempt to resolve plaintiff's appeal. Because defendant Bakewell was not responsible for prescribing or not prescribing the Methadone for plaintiff, and was not responsible for providing plaintiff medical care on either July 10, 2009 or August 12, 2009, it would be futile to grant plaintiff leave to amend his racial discrimination claim against Bakewell.

>    Amendment rights and that defendant chilled the effect of Plaintiff exercise of his Eighth Amendment rights through actions that did not advance any legitimate penological goals nor are Tailored narrowly enough to achieve such goals.

(ECF No. 17 at 35-36.)  These allegations do not state a deliberate indifference claim against defendant S. Hermann.  The only allegations specifically against S. Hermann is that she purportedly relayed a statement to plaintiff from the doctor that he would not be seen at that time.[3]

This does not allege a purposeful act on the part of defendant S. Hermann to respond to plaintiff's pain.  Rather, the third amended complaint only alleges that S. Hermann was the middle person between plaintiff and the doctor and that it was the doctor who allegedly made the decision not to see plaintiff.  This allegation does not state a deliberate indifference claim against S. Hermann.

II. Leave to Amend

Plaintiff has amended his pleading several times; this case proceeded on his third amended complaint.  The undersigned has reviewed the three claims screened out on April 13, 2013, and recommends that the district court dismiss such claims without leave to amend.  Plaintiff cannot state an Eighth Amendment claim against defendant Bal because plaintiff did not suffer ill effects from the liquid Methadone until after the alleged order by Bal.  Plaintiff cannot state a racial discrimination claim against defendant Bakewell based solely on her offensive verbal comments to the male nurse who reported the change in plaintiff's prescription from liquid back to pill form, as discussed above.  Finally, plaintiff's allegation that S. Hermann relayed a statement to plaintiff from the doctor that he would not be seen at that time does not state a cognizable Eighth Amendment claim.  Such allegations cannot be saved by any amendment.  See Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002) (leave to amend need not be granted where amendment would be futile).  Therefore, plaintiff's claims one, six and twelve as to defendants Bal, Bakewell,

---

[3] Plaintiff refers to Hermann in other claims, but such other claims do not include specific allegations as to Hermann, usually referring to reviews of grievances concerning claims against Hermann.  (ECF No. 17 (second, fourth, fifth, and seventh claims); see also ECF No. 88 at 2-3; 20, 32, 33, 35.)

and Hermann, should be dismissed without leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims one, six and twelve as to defendants Bal, Bakewell, and Hermann, should be dismissed without leave to amend;

2. Judgment should be entered; and

3. This case should be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 17, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/flor3119.57

7